

EBP/ESB: USAO 2016R00464

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX 18cr 159 |
| | * | |
| KAREN MORAN, | * | (Wire Fraud, 18 U.S.C. § 1343; |
| | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| Defendant | * | 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE
(Wire Fraud)

The Acting United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to this Information:

1. Defendant **KAREN MORAN** ("**MORAN**") was a resident of Maryland.

2. Company A was a real estate company located in Silver Spring, Maryland.

3. From on or about April 29, 2013, through on or about May 16, 2016, **MORAN** was employed by Company A as an administrative assistant whose duties included certain accounting and bookkeeping responsibilities. **MORAN** had access to electronic check-making software and the paper checkbook of Company A.

4. At Capital One Bank, **MORAN** maintained a personal checking account ending in x9877 (the "Moran Account").

5. At SunTrust Bank, Company A maintained an escrow account ending in x8355 (the "Escrow Account") and an operating account ending in x8306 (the "Operating Account").

## The Scheme to Defraud

6. Between at least in or about June 2015 and in or about May 2016, in the District of Maryland and elsewhere, **MORAN** devised a scheme and artifice to defraud Company A and to obtain money from Company A by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

7. It was part of the scheme to defraud that **MORAN** stole money from Company A by drafting approximately $133,875 in unauthorized checks from the Escrow or Operating Accounts made out to another individual and intended for her own benefit and the benefit of another individual.

8. It was further part of the scheme to defraud that **MORAN** caused the unauthorized checks to be deposited into the Moran Account.

9. It was further part of the scheme to defraud that **MORAN** used the funds stolen from Company A for **MORAN'S** personal benefit.

**The Charge**

10. On or about September 30, 2015, in the District of Maryland and elsewhere, the defendant,

**KAREN MORAN,**

for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused the transmission of a wire communication in interstate commerce, to wit, a wire transmission from within Maryland through a server outside of Maryland, caused by depositing a $12,860 check from the Operating Account into the Moran Account.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The Acting United States Attorney for the District of Maryland further finds that:

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

2.  As a result of the offense set forth in Count One, the defendant,

**KAREN MORAN,**

shall forfeit to the United States any property, real or personal, which constitutes or is traceable to such violation, including but not limited to at least $133,875 in United States currency.

### Substitute Assets

3.  If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or,

    e.  has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), up to the value of the forfeitable property, that is, at least $133,875.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Stephen M. Schenning /EBP*
Stephen M. Schenning
Acting United States Attorney